[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15187
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20392-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VASKA CLAUDE ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 21, 2016)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Vaska Claude Anderson pleaded guilty to four counts:  (1) illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2); (2) making a false claim of United States citizenship, in violation of 18 U.S.C. § 1015(e); (3) making a false statement in an application for a United States passport, in violation of 18 U.S.C. § 1542; and (4) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  The district court imposed a below-guidelines sentence of 56 months as to counts 1, 2, and 3, followed by a mandatory consecutive sentence of 24 months as to count 4, for a total sentence of 80 months.  On appeal, Anderson contends that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing purposes laid out in 18 U.S.C. § 3553(a), creates an unwarranted sentencing disparity, and fails to take into account his personal history and characteristics.

We review the reasonableness of a sentence only for an abuse of discretion. United States v. Jordan, 582 F.3d 1239, 1249 (11th Cir. 2009).  The party challenging a sentence bears the burden of establishing that it is unreasonable. United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006).  We will vacate a sentence as substantively unreasonable only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range

of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Anderson has not shown that his sentence is substantively unreasonable. His 56-month sentence as to counts 1, 2, and 3, is below his guidelines range of 70 to 87 months. Because we ordinarily expect a within-guidelines sentence to be reasonable, see United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008), it stands to reason that a below-guidelines sentence fosters an even greater expectation of reasonableness. His sentence is also "well below the total statutory maximum," which is "another indicator of reasonableness." United States v. Croteau, 819 F.3d 1293, 1310 (11th Cir. 2016).

We are unconvinced by Anderson's argument that his sentence created an unwarranted sentencing disparity. He cites to a number of illegal reentry cases involving purportedly similar conduct in which this Court upheld as reasonable sentences that were lower than the sentence in this case. An unwarranted sentencing disparity can exist, however, only among individuals who are similarly situated. See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009). Individuals with different backgrounds and criminal histories are not similarly situated. See United States v. Jayyousi, 657 F.3d 1085, 1118 (11th Cir. 2011). Anderson does not argue, nor could he, that the backgrounds and criminal histories of the defendants in those cases were similar to his own. Not only that, he

3

acknowledges that the sentences in the cases he cites "were within the recommended guidelines range[s]," while he received a sentence below the recommended guidelines range.

Anderson also argues that his sentence "fails to credit [his] history and characteristics . . . as revealed in the numerous letters from family and friends." That assertion, without more, is not enough to show that the district court made a clear error of judgment in weighing the § 3553(a) factors. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) ("We will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment and has imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.") (quotation marks omitted).

**AFFIRMED.**